[No. 30644.   Department Two.   June 3, 1949.]

THE STATE OF WASHINGTON, *Respondent*, v. GORDON H. DICKSON, SR., *Appellant*.[1]

*Lloyd Shorett* and *Gordon S. Clinton*, for respondent.

ROBINSON, J.—On may 10, 1948, at the close of several days of trial, a jury rendered a verdict in the above entitled cause, finding the defendant guilty of assault in the second degree.  His then counsel at once moved for arrest of judgment or, in the alternative, for a new trial.  On May 15th, the trial court entered judgment and sentence adjudging the defendant guilty of the crime of assault in the second degree and that he be punished by confinement at hard labor in the penitentiary of the state of Washington for a maximum term of not more than ten years; minimum term to be fixed by the board of prison terms and paroles.  Whereupon the defendant's then attorney gave due notice of appeal to this court, and, in due course, the record of the trial court was filed with our clerk, and the cause regularly assigned to be heard by Department Two thereof on November 17, 1948.

On November 15th, the clerk of this court received a communication from a Seattle attorney, enclosing a purported stipulation between the parties that the appeal might be dismissed without costs to either party.  The purported

[1]Reported in 206 P. (2d) 1032.

stipulation was executed on the part of the state by the prosecuting attorney of King county, by his deputy who represented the state at the trial, and by the appellant himself, and by two Seattle attorneys, who, however, were not the attorneys who represented him at the trial. There was also included a form of order dismissing the appeal, which was approved in writing by the appellant himself, by the state's attorneys, and by the attorneys purporting to represent the appellant. A day or two later, the clerk of this court received a communication from the the appellant himself in which he said that the two attorneys who had signed the stipulation for dismissal had no authority to appear for or represent him, and concluded with the following statement:

"I want it further understood that inasmuch as I am unable to be present to argue the case for myself, it is my desire that the cause be presented to the court without argument from my side."

When the case was called for argument on November 17th, no one appeared or responded for either the state or the appellant. That situation is provided for by Rule of Court 24, which reads as follows:

"Where a party does not appear personally or by attorney when the cause is called for hearing, the cause, as to such party, shall be deemed submitted. This rule shall not preclude oral argument by the opposite party." 18 Wn. (2d) 23-a.

While this appeal might well have been dismissed on the stipulation of the parties, the chief justice and the associate judges of the Department before which the cause was to be heard on November 17, 1948, decided that the appeal would not be dismissed, but that, since the defendant had expressly waived oral argument and since no one had appeared for him or for the state when the case was regularly called for hearing, the cause would, under Rule 24, hereinbefore quoted, be deemed to have been submitted for decision on the record.

Accordingly, the record has since been carefully examined. Five of the appellant's ten assignments of error re-

late to the giving, or refusing to give, certain instructions. We find no merit in these assignments.

It is also assigned as error that the trial court denied the defendant's motion to dismiss, on the ground that there was not sufficient evidence to submit the case to the jury. Upon an examination of the statement of facts, we find that the evidence adduced by the state was amply sufficient to make out a *prima facie* case.

Appellant's brief lays great stress on the following assignment of error, which reads as follows:

"The court erred in allowing appellant to go to trial when it was apparent appellant was neither in physical nor mental condition to attend trial and comprehend fully what was taking place."

The record indicates, in various ways, that the appellant was not in first-class mental or physical condition at the time of trial. The jury added to its formal verdict of guilty the following, which appears to be in the handwriting of its foreman: "We recommend that Gordon Dickson, Sr. be examined by a Sanity Board."

However, a judge of long experience presided at the trial and was, of course, better able to determine whether or not the defendant was, or was not, mentally or physically fit to defend himself in a criminal trial than we can possibly be.

The judgment and sentence appealed from will stand affirmed. It is so ordered.

SIMPSON, MALLERY, SCHWELLENBACH, and HILL, JJ., concur.